IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD C. MILLIGAN                                      CV. 05-190-HU

              Petitioner,           FINDINGS AND RECOMMENDATION

    v.

BRIAN BELLEQUE

        Respondent.

        MICHAEL R. LEVINE
        400 S.W. Sixth Avenue, Suite 600
        Portland, OR 97204

           Attorney for Petitioner

        HARDY MYERS
        Attorney General
        LYNN DAVID LARSEN
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, OR 97301

           Attorneys for Respondent

1- FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons that follow, Petitioner's habeas corpus petition (#1) should be denied as untimely, and this proceeding dismissed.

## BACKGROUND

Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to multiple judgments, of which only one is at issue in this proceeding.  On November 19, 1999, Petitioner pleaded no contest and was convicted of Attempted Sexual Abuse in the First Degree.  *State of Oregon v. Milligan*, Marion County Circuit Court Case No. 99C40825.  Judgment was entered into the register on November 26, 1999.  Petitioner had until December 27, 1999, to file a notice of appeal, but no notice was filed.

On December 6, 2001, Petitioner signed a petition for post-conviction relief (PCR) filed in Marion County Court on January 4, 2002.  *Milligan v. Czerniak*, Marion County Circuit Court Case No. 02C10069.  Petitioner claimed ineffective assistance of counsel alleging, *inter alia*, that his trial attorney failed to file a direct appeal despite Petitioner's request that he do so.  The PCR court denied relief, and judgment was entered on December 13, 2004.  Petitioner had until January 12, 2005, to file an appeal, but no notice was filed.

Petitioner signed the instant petition on January 4, 2005, and filed it with this court on February 9, 2005.  Respondent moves for dismissal of the petition as time barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for state prisoners filing federal habeas corpus petitions.  28 U.S.C. § 2244(d)(1).  The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A). The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  § 2244(d)(2).

Petitioner filed his post-conviction petition on, or about December 6, 2001, after 710 days had accrued.  Thus, Petitioner's PCR petition did not toll the AEDPA statute of limitations prior to it lapsing.  Petitioner concedes his federal habeas petition is untimely, but asks the court to apply equitable tolling.

The AEDPA statute of limitation is subject to equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).  However, equitable tolling is applicable only "if extraordinary circumstances beyond

3- FINDINGS AND RECOMMENDATION

a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998)(en banc).

A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). External forces beyond Petitioner's control must be the but-for, and proximate cause of his failure to file on time. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001), *reh'g en banc*, 295 F.3d 1046 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner argues that equitable tolling should apply to the instant petition because: 1) trial counsel failed to file a notice of direct appeal, and, had he done so Petitioner's habeas petition would have been timely; 2) Petitioner's mental and physical infirmities impaired his ability to file; and 3) he is actually innocent of the crime to which he pleaded no contest. Petitioner seeks an evidentiary hearing to establish the factual basis of his claim that his petition would have been timely had trial counsel properly filed a notice of appeal.

An evidentiary hearing on the issue of equitable tolling can be granted when sufficient allegations of diligence and

4- FINDINGS AND RECOMMENDATION

extraordinary circumstances are presented. *See Roy v. Lampert*, 455 F.3d 945, 950 (9th Cir. 2006); *Pace*, 544 U.S. at 418.  Here, Petitioner makes no allegations that he diligently pursued his rights in the 710 days prior to his filing for post-conviction relief.  Accordingly, there is no basis for a hearing.

Moreover, Petitioner does not show "extraordinary circumstances" caused his failure to timely file his petition. Petitioner's claim requires that he show that trial counsel's failure to file a notice of appeal in state court was the but-for and proximate cause of his missing the one-year statute of limitations on his federal habeas petition.  *Allen*, 255 F.3d at 800-01.  Petitioner, however, offers no evidence that "but-for" trial counsel's failure he would have filed his PCR petition in time to toll the AEDPA statute of limitation.  In fact, Petitioner, offers no explanation of how counsel's failure to file a direct appeal relates to the filing of his PCR petition after 710 days. Petitioner's attorney's alleged negligence, alone, does not constitute extraordinary circumstances.  *See Frye*, 273 F.3d at 1146; *Spitsyn v. Moore*, 345 F.3d 796, 800-01 (9th Cir. 2003).

Counsel's unsupported contentions that Petitioner is 78 years old, has suffered several strokes, suffered from lead poisoning, and had to rely on others for assistance with his petition are insufficient to justify equitable tolling.  A petitioner's mental incompetency constitutes an extraordinary circumstance warranting

5- FINDINGS AND RECOMMENDATION

equitable tolling of the AEDPA statute of limitations "when the record discloses a genuine basis for concern". *Calderon*, 163 F.3d at 541; *See also Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003) (although claim of mental incapacity was not substantiated in the habeas petition, it was consistent with the trial record and thus sufficient to justify further investigation). Here, no evidence what-so-ever is presented to document Petitioner's infirmities, or that they were the but-for cause of his untimeliness.

Counsel's contention that Petitioner misunderstood the statute of limitations and had to rely on others for assistance is also insufficient to justify equitable tolling. "A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry*, 448 F.3d at 1154. Petitioner has failed to present any evidence that extraordinary circumstances caused his failure to file on time.

The Supreme Court and the Ninth Circuit have not yet decided whether the one-year statute of limitations set forth in 28 U.S.C. § 2254(d) may be overridden by a showing of actual innocence. *Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir. 2002). Assuming, however, that it may be, Petitioner must show actual innocence. *Id.* In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court articulated what is required to pass the actual innocence gateway for otherwise barred constitutional claims. "[A] petitioner does

6- FINDINGS AND RECOMMENDATION

not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329; *Majoy*, 296 F.3d at 776. Here, Petitioner presents only his own assertions of innocence. "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Clearly, Petitioner has not met this standard.

In sum, Petitioner has provided this court with no evidence to warrant equitable tolling or an evidentiary hearing on the issue.

<u>**CONCLUSION**</u>

For the foregoing reasons, Petitioner's habeas corpus petition (#1) should be denied as untimely, and dismissed with prejudice.

<u>**SCHEDULING ORDER**</u>

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due March 8, 2007. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

///

///

7- FINDINGS AND RECOMMENDATION

If objections are filed, a response to the objections is due March 22, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this  _21st___  day of February, 2007.

_/s/Dennis J. Hubel_____
Dennis J. Hubel
United States Magistrate Judge

8- FINDINGS AND RECOMMENDATION